Arthur WISEMAN, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15444.

Court of Criminal Appeals of Oklahoma.

Sept. 9, 1970.

JoAnn Fisher Corrigan, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

BUSSEY, Judge.

Arthur Wiseman, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County with the crime of Possession of Marihuana; his punishment was fixed at four years imprisonment in the state penitentiary, and he appeals.

Briefly stated, the facts are that on the evening of February 23, 1969, Officers O'Shea and Gullett observed defendant driving a 1966 Cadillac with an improperly displayed tag. They followed the automobile driven by him and the defendant made an improper turn. The officers then signaled for the defendant to stop his automobile and when he did so they placed him under arrest for improperly displaying a license tag and an improper turn. Defendant acknowledged he had no state driver's license. The officers then conducted a search of the vehicle for weapons and found a quantity of marihuana.

Several assignments of error are urged in the Petition in Error, none of which have sufficient merit to warrant lengthy discussion in this opinion; suffice it to say that the defendant's principal contention is that the trial court erred in admitting the marihuana found in the vehicle driven by the defendant, for the reason that the same was obtained as a result of an illegal search and seizure. This contention is wholly without merit for it is readily apparent that the search yielding the marihuana was a search made incident to a lawful arrest for misdemeanors committed in the presence of the arresting officers and as such was properly admitted into evidence.

After carefully reviewing the record we are of the opinion that the evidence amply supports the verdict of the jury and the record is free of any error which would justify modification or reversal. The judgment and sentence appealed from is accordingly affirmed.

BRETT, P. J., and NIX, J., concur.